UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23573-COOKE/DAMIAN

OLAPLEX, INC.,

    Plaintiff,

vs.

MEILIN CESPEDES and POSHMARK, INC.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR
ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT MEILIN CESPEDES**

THIS CAUSE is before the Court on Plaintiff, Olaplex Inc.'s ("Olaplex" or "Plaintiff"), Motion for Order Authorizing Alternative Service of Process on Defendant Meilin Cespedes [ECF No. 9] (the "Motion"), and pursuant to an Order of Referral to Magistrate Judge for resolution of all non-dispositive pretrial matters entered by the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 5].

The undersigned has reviewed the Motion and supporting documents and the pertinent portions of the record and, being otherwise fully advised in the premises, finds that the Motion should be granted for the reasons set forth below.

    I.    **BACKGROUND**

Olaplex commenced this action against Meilin Cespedes ("Cespedes") on October 12, 2021, asserting claims for trademark counterfeiting and trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, unfair competition, and related common law claims and seeking injunctive relief and damages. [ECF No. 1]. On December 16, 2021,

Olaplex filed a First Amended Complaint asserting the same claims as in the original Complaint and adding Poshmark, Inc. ("Poshmark") as a defendant. [ECF No. 6].[1] Summonses were issued as to both Defendants. [ECF Nos. 4, 7]. While Olaplex was able to serve Poshmark through its registered agent in California, [ECF No. 8], to date, Olaplex has not been able to locate or effectuate service on Cespedes, despite numerous attempts.

Accordingly, in its Motion, Olaplex seeks permission to effectuate service of process on Cespedes, whose last known residence is believed to be in California, via email, mail, publication, or a combination of these methods pursuant to Federal Rule of Civil Procedure 4(e)(1). In support of its argument for alternative service on Cespedes, Olaplex submitted the Declaration of Negin Saberi, Plaintiff's counsel, and the affidavits of two process servers who made various attempts to personally serve Cespedes at Florida and California addresses. [ECF Nos. 9-1, 9-2, 9-3].

In her declaration, Plaintiff's counsel states that, through a preliminary investigation, Olaplex learned that Cespedes is the President and Registered Agent of a now-dissolved corporation with a principal place of business at "31 Sidonia Ave., #1, Coral Gables, FL 33134." [ECF No. 9-1, at ¶ 9]. The declaration further states that Olaplex also discovered that

---

[1] On January 12, 2022, the Parties filed a Stipulation and Motion to extend the time to respond to the First Amended Complaint through January 26, 2022. [ECF No. 11]. In that Stipulation, out-of-state counsel signed on behalf of both Defendants Cespedes and Poshmark. *See id.* On January 26, 2022, a second Stipulation and Motion to extend the time to respond to the First Amended Complaint was filed by Olaplex and Poshmark. [ECF No. 12]. In this second stipulation, out-of-state counsel only signed on behalf of Poshmark. A third such Stipulation and Motion was filed on February 9, 2022, by Olaplex and Poshmark seeking a further extension. [ECF No. 13]. On February 11, 2022, the District Judge granted the motions and directed Defendants to file their responses to the First Amended Complaint on or before March 14, 2022. [ECF No. 14].

Cespedes had moved to California and identified a California address associated with Cespedes: "3104 Occidental Dr. Apt. 132, Sacramento, CA 95826-3066." [*Id.* ¶¶ 10–11].

Plaintiff also asserts that Cespedes appears to be evading service. [ECF No. 9, at 4]. By means of the two Return of Non-Service Affidavits, Olaplex asserts that it has repeatedly and diligently attempted to personally serve Cespedes but has been unable to do so. The first three attempts at service were directed to the last known addresses for Cespedes in South Florida. [ECF No. 9-2, at 2]. During one of those attempts, the process server was told by a person who personally knew Cespedes that Cespedes was living in California. *Id.* Olaplex also attempted to personally serve Cespedes on seven occasions at the California address associated with her business dealings, to no avail. [ECF No. 9-3].

Asserting that it lacks confidence that it will be able to locate and personally serve Cespedes, Olaplex seeks an order authorizing alternative service on Cespedes by email and mail.

## II. APPLICABLE LEGAL STANDARDS

Under Federal Rule of Civil Procedure 4(e), service on an individual defendant may be accomplished by "following state law for serving a summons in an action . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 4 "was designed 'to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process.'" *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (quoting 4 C. Wright & A. Miller, Federal Practice and Procedure § 1061, at 216 (2d ed. 1987)). "Due process requires that any service of notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the

3

pendency of the action and afford them an opportunity to present their objections.'" *Miller v. Ceres Unified Sch. Dist.*, No. 15-cv-0029, 2016 WL 4702754, at *3 (E.D. Cal. Sept. 7, 2016) (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Here, Olaplex is seeking to serve Cespedes in California, her last known place of residence. Therefore, pursuant to Federal Rule of Civil Procedure 4(e)(1), the Court looks to the law of California to determine the sufficiency of the proposed service. Service by mail is expressly permitted under California law. *See* Cal. Code Civ. P. § 415.30(a) ("A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."). Service is complete by this method when "a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." *Id.* § 415.30(c).

While California law does not explicitly provide for service by email, "it provides a broad framework for alternative means of service." *Miller*, 2016 WL 4702754, at *3. Specifically, it provides that "the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Code Civ. P. § 413.30. Indeed, "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (concluding, as a matter of first impression, that service by email was

4

"constitutionally acceptable," "proper," and "reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond").

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin*, No. 08–23490, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) (holding that a "district court 'may' direct alternative means of service [under Rule 4(f)(3)]")). "After evaluating the specifics of each case, the courts of this District have found service by email to comport with due process on a number of occasions." *U.S. Commodity Futures Trading Comm'n v. Rubio*, No. 12-22129, 2012 WL 3614360, at *2 (S.D. Fla. Aug. 21, 2012) (citing cases). Similarly, district courts in California have authorized service by email under Section 413.30 of the California Code of Civil Procedure where such service is reasonably calculated to give actual notice to the party to be served. *See, e.g.*, *THC–Orange Cnty. Inc. v. Valdez*, No. 17–CV–01911, 2017 WL 3115171, at *3–5 (N.D. Cal. July 21, 2017); *Miller*, 2016 WL 4702754, at *3–4; *Carson v. Griffin*, No. 13–cv–0520, 2013 WL 2403601, at *3 (N.D. Cal. May 31, 2013); *Facebook, Inc. v. Banana Ads, LLC*, No. C–11–3619, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012).

### III.  DISCUSSION

Olaplex has demonstrated that it made numerous reasonable and diligent attempts to personally serve Cespedes and inform her of this action. *See Bein v. Brechtel–Jochim Grp., Inc.*, 8 Cal. Rptr. 2d 351, 353 (Cal. Ct. App. 1992) ("Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."). Despite reasonable diligence, Olaplex has been unsuccessful in its efforts to serve Cespedes at her known addresses of record. And the Court

acknowledges Plaintiff's assertion, supported by sworn declarations, that Cespedes is evading service. [*See* ECF No. 9, at 4]. "When there is evidence that a defendant is evading service, courts are more willing to allow alternative methods of service." *Miller*, 2016 WL 4702754, at *4.

Olaplex has also shown that Cespedes is "engaged in internet-based commercial activities and rel[ies] on email as a means of communication." *Banana Ads*, 2012 WL 1038752, at *3. Therefore, under these circumstances, the undersigned finds that service by email is reasonably calculated to give Cespedes notice of the action against her and an opportunity to respond. *See id.*; *see also Miller*, 2016 WL 4702754, at *4 (authorizing service by email based on California law on defendant who was evading service after plaintiff made several unsuccessful attempts at defendant's last known addresses); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246, 2014 WL 1877547, at *2–3 (same). Based on the Motion and supporting evidence, the undersigned finds that Olaplex has shown good cause why alternative service of the Summons and First Amended Complaint by email and U.S. first-class mail to Cespedes is warranted in this case, and has demonstrated that service by such means is reasonably calculated to give Cespedes notice of this action against her.

### IV. CONCLUSION

Accordingly, for the reasons stated above, it is hereby

ORDERED and ADJUDGED that Plaintiff's Motion for Order Authorizing Alternative Service of Process on Defendant Meilin Cespedes [ECF No. 9] is **GRANTED**.

It is further

ORDERED and ADJUDGED that Plaintiff, Olaplex, Inc., shall serve Defendant, Meilin Cespedes, with the Summons, First Amended Complaint, and all filings in this matter, including a copy of this Order, by the following methods:

1. Email at GARMENDEZ.MEILIN@YAHOO.COM and MEYLIN_SESPEDES@YAHOO.COM; and

2. U.S. First Class mail, postage prepaid, as provided under Section 415.30(a) of the California Code of Civil Procedure, at 3104 Occidental Dr. Apt. 132, Sacramento, CA 95826-3066.

It is further

ORDERED and ADJUDGED that within **fourteen (14) days** of the date of this Order Olaplex shall file a Return of Service pursuant to Federal Rule of Civil Procedure 4(l) confirming that alternative service has been effectuated in accordance with the foregoing.

**DONE and ORDERED** in Chambers at Miami, Florida this 10th day of March 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record